*Bright-Asante v. Saks & Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

MICHAEL BRIGHT-ASANTE,

> *Plaintiff-Appellant*,

> v.

SAKS & COMPANY, INC., AND THEO CHRIST,

> *Defendants-Appellees*,

LOCAL 1102 RWDSU UFCW,

> *Defendant.*

_____

No. 20-1280

FOR APPELLANT:                    K.C. OKOLI, Law Offices of K.C. Okoli, P.C., New York, NY.

FOR APPELLEES:                                    WENDY JOHNSON LARIO, Greenberg
                                                         Traurig, LLP, Florham Park, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 19, 2020, is **AFFIRMED**.

Plaintiff-Appellant Michael Bright-Asante sued his former employer, the department store Saks & Company, Inc. ("Saks" or "the Store"), and Saks's Vice President of Human Resources, Theo Christ (together, "Defendants"), alleging discrimination in violation of 42 U.S.C. § 1981, employment discrimination in violation of the New York City Human Rights Law ("NYCHRL"), and "constructive discharge." Joint App'x 64-65 (Second Am. Compl. ¶¶ 79-83). The district court granted summary judgment to Defendants on all claims. Bright-Asante now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Bright-Asante's claims arise from his 2014 suspension without pay from his job at a Saks store in New York City following an internal investigation. The investigation focused on a group of sales associates suspected of facilitating fraudulent purchases with stolen credit card information, working with non-employee conspirators. In 2014, Bright-Asante facilitated two transactions that Saks flagged as suspicious because of the zip code associated with the credit card used. Upon review of relevant CCTV footage, the Store's investigators concluded that the transactions were fraudulent. The Store then forwarded the footage to law enforcement authorities for further investigation. This referral resulted in Bright-Asante's arrest and suspension without pay.

The criminal charges against Bright-Asante were subsequently dropped on speedy trial grounds. Bright-Asante alleges that his suspension and Saks's failure to reinstate him after the charges were dropped were unlawfully motivated by race.

On de novo review and viewing the record in the light most favorable to Bright-Asante, as we must, we conclude that the district court did not err when it entered summary judgment for Defendants. The record reveals no genuine issue of material fact related to Bright-Asante's claim that Saks acted with a discriminatory motive. *See Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015).[1]

Challenging the district court's determination, Bright-Asante, who is African-American, points to his allegation regarding Saks's treatment of employee Susan David, who is white. David processed transactions for the same impostor customer after impostor's transaction with Bright-Asante aroused the suspicions leading to the charges against him. Presenting David as a comparator, Bright-Asante argues that Saks's failure to forward the security footage of David's sales transactions with the impostor to law enforcement and to take any adverse employment actions against David constitutes unlawful discrimination.

Bright-Asante's arguments fall short. Even if David's transaction with the imposter raised suspicion of a further fraudulent transaction, the evidence did not implicate David in the fraud so as to admit an inference of race discrimination in Saks's treatment of its employees. The transactions conducted by Bright-Asante and David were different in material respects. David did not take the customer into the private, closed-off area where Bright-Asante had gone. Further, David, unlike Bright-Asante, did not allow the customer to access the Saks register to input her Social Security number and email address; did not use her cell phone during the transactions; and did not take an unusually long time to process her transactions. Lisa Benson, a Saks executive who reviewed the CCTV footage at the time, explained persuasively that because of these differences in the transactions she did not find David's actions in dealing with the impostor customer suspicious and therefore did not forward David's footage to law enforcement. Bright-Asante does not dispute these critical differences between his and David's transactions. Nor does he point to any other aspects of

---

[1] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

the two sets of transactions that could give rise to an inference of discriminatory motive by Saks in dealing with its employees.

Bright-Asante further alleges that Saks's failure to reinstate him in March 2015, after the charges against him were dropped, was a result of discriminatory intent. He fails, however, to adduce evidence supporting this conclusory allegation. Even under the NYCHRL, which courts interpret "broadly in favor of discrimination plaintiffs," *Albunio v. City of New York*, 16 N.Y.3d 472, 477 (2011), to survive a motion for summary judgment Bright-Asante must adduce evidence admitting a finding that Saks's conduct stemmed at least in part from a discriminatory motive, *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013). But Bright-Asante has not pointed to any evidence of discriminatory intent fueling the decision not to reinstate him. Bright-Asante has therefore not made the showing necessary to preclude summary judgment for Defendants with regard to his failure-to-reinstate claim.

Bright-Asante's two other claims, for unlawful discrimination under 42 U.S.C. § 1981 and for unlawful constructive discharge, also require him to show circumstances giving rise to an inference of racial discrimination. *See Domino's Pizza, Inc. v McDonald*, 546 U.S. 470, 476 (2006) ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, [or] . . . impairs an existing contractual relationship . . . ."). Although Bright-Asante does not identify a statutory basis for his claim for wrongful constructive discharge, this claim would fail under any relevant statutory scheme—Section 1981, Title VII, or the NYCHRL—because Bright-Asante has not presented evidence that would support an inference of discriminatory intent. *See Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91-92 (2d Cir. 1996) (prima facie case for wrongful constructive discharge under Title VII requires showing that the conduct occurred "under circumstances that give rise to an inference of discrimination"); *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir. 1987) (prima facie case of wrongful discharge under Section 1981 requires showing "the discharge occurred in circumstances giving rise to inference of racial discrimination"). Therefore, the district court properly entered summary judgment for Defendants on these claims as well.

4

Finally, in March 2017, in these same proceedings, the district court denied a motion filed by Bright-Asante for vacatur of an arbitration award, rejecting a grievance pursued by Bright-Asante's union against Saks. *See Bright-Asante v. Saks & Co.,* 242 F. Supp. 3d 229, 236, 238-39 (S.D.N.Y. 2017).[2] On appeal, Bright-Asante maintains that the district court erred when it denied vacatur because (Bright-Asante asserts) the award was obtained by fraud—specifically, based on the allegedly perjurious testimony of a Saks employee. On review, we identify no error in the district court's denial of the motion. To establish fraud sufficient to vacate an arbitral award, Bright-Asante had to show (1) the existence of "fraudulent activity"; (2) that, "even with the exercise of due diligence," he "could not have discovered the fraud prior to the award issuing"; and (3) that "the fraud materially related to an issue in the arbitration." *Odeon Cap. Grp. LLC v. Ackerman*, 864 F.3d 191, 196 (2d Cir. 2017). Bright-Asante provided no evidence of the testimony taken during the arbitration (which he did not attend) in his moving papers before the district court and does no more than repeat these unsupported allegations in his briefing before this Court. Without providing at least the challenged testimony, he has failed to show that any perjury occurred or even that the testimony he wishes to challenge was materially related to the arbitrator's decision. *See Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir. 2003) ("A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."). Bright-Asante has therefore failed to demonstrate any error.

\* \* \*

---

[2] Defendants maintain we lack jurisdiction to entertain this challenge because Bright-Asante did not identify any judgment other than the district court's March 2020 order awarding summary judgment to Saks in his Notice of Appeal. While Federal Rule of Appellate Procedure 3(c) requires the notice of appeal to "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B), "a notice of appeal that names the final judgment" will typically "support review of all earlier orders that merge in the final judgment," *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 453 (2d Cir. 2008). We need not conclusively decide the jurisdictional question, however, because Bright-Asante's challenge is without merit in any event, for the reasons discussed above.

We have considered Bright-Asante's remaining arguments and find in them no basis for reversal. For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court